JANE B. STRANCH, Circuit Judge,
concurring.
I concur with the lead opinion, including its determination that the district court did not abuse its discretion in selecting a lifetime term for supervised release. I also note the horrific nature of crimes that involve child pornography and the damage such crimes inflict on children and our entire society. However, I write separately to address the issues raised concerning lifetime supervised release. Our sister circuits and commentators have echoed Gilley’s arguments regarding the blanket na *451 ture of the policy statement in U.S.S.G. § 5D1.2(b) recommending lifetime supervised release for all sex offenses. See, e.g., United States v. Apodaca, 641 F.3d 1077, 1083-84 (9th Cir.2011) (citing cases from other circuits); Douglas A Morris, “FYI: Supervised Release and How the PROTECT Act Changed Supervised Release,” 18 Fed. Sent. R. 182, (2006). I also note the troubling fact that this policy statement lacks the type of empirical evidence that normally supports such policies. See, e.g., Troy Stabenow, Deconstructing the Myth of Careful Study: A Primer on the Flawed Progression of the Child Pornography Guidelines (Jan. 1, 2009), available at http://www.fd.org/pdf_lib/child% 20por% 20july% 20revision.pdf. While district courts may take these issues into account in sentencing, the lack of systematic analysis of and empirical support for the policy statement’s blanket recommendation of lifetime supervised release is an issue more properly resolved by the Sentencing Commission.